IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | Injunctive Relief Sought |
| ISLE OF PARADISE "B", INC., ) | |
| ISLE OF PARADISE "C", INC., ) | |
| and ) | |
| ISLE OF PARADISE "E", INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, the United States of America ("United States"), alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*. (the "Fair Housing Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), because (1) the claims alleged herein arose in the Southern District of Florida, and (2) the properties that are the subjects of this Complaint are located in the Southern District of Florida.

## DEFENDANTS AND SUBJECT PROPERTIES

4. Defendant Isle of Paradise "B", Inc. (IOP "B") is a Florida not-for-profit cooperative corporation organized under the laws of the State of Florida.[1] IOP "B" is the owner of the 30-unit multifamily building known as the "Monticello" or "Building B," located at 450 Paradise Isle Boulevard, Hallandale Beach, FL 33009.

5. Defendant Isle of Paradise "C", Inc. (IOP "C") is a Florida not-for-profit cooperative corporation organized under the laws of the State of Florida. IOP "C" is the owner of the 30-unit multifamily building known as the "Georgetown" or "Building C," located at 460 Paradise Isle Boulevard, Hallandale Beach, FL 33009.

6. Defendant Isle of Paradise "E", Inc. (IOP "E") is a Florida not-for-profit cooperative corporation organized under the laws of the State of Florida. IOP "E" is the owner of the 30-unit multifamily building known as the "Williamsburg" or "Building E," located at 465 Paradise Isle Boulevard, Hallandale Beach, FL 33009.

7. Building B, Building C, and Building E are each referred to as a "Subject Property" or "Building" and collectively as the "Subject Properties" herein.

8. Each of the Subject Properties is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

9. Each Subject Property is managed by its own Board of Directors, or Association, and governed by its governing documents, including Certificates of Incorporation, Bylaws, and Proprietary Leases.

---

[1] "'Cooperative' means that form of ownership of real property wherein legal title is vested in a corporation or other entity and the beneficial use is evidenced by an ownership interest in the association and a lease or other muniment of title or possession granted by the association as the owner of all the cooperative property." *See* Fla. St. § 719.103(12). For simplicity, this Complaint refers to individual shareholders or members in the corporation as "unit owners."

10.     Each Defendant leases the land on which its Building is located, which is owned by the Layne family, under a long-term lease starting in or around 1965.

11.     Each Defendant's governing documents were created in or around 1964 or 1965 by the same individual original subscribers and incorporators and were substantially identical at the time.

12.     Residents of the Subject Properties share access to a common recreation facility, with a clubhouse and pool, also located on the Isle of Paradise. The recreation facility is owned and operated by Isle of Paradise Recreation, Inc., which is managed by a Board of Directors composed of one Board member from each Defendant, as well as one member from Isle of Paradise "A", Inc., one member from Isle of Paradise "D", Inc., and one member from Isle of Paradise "F", Inc. Isle of Paradise "A", Inc., Isle of Paradise "D", Inc., and Isle of Paradise "F", Inc. are Florida not-for-profit cooperative corporations which own the multifamily buildings located on Isle of Paradise known as "Building A," "Building D," and "Building F," respectively. They are not Defendants.

13.     Since at least 2015, Building B was not "housing for older persons" ("HOPA") consistent with the requirements of 42 U.S.C. § 3607(b).

14.     From at least 2015 until at least June 21, 2021, Building C was not HOPA consistent with the requirements of 42 U.S.C. § 3607(b).

15.     Since at least 2015, Building E was not HOPA consistent with the requirements of 42 U.S.C. § 3607(b).

### DEFENDANTS' DISCRIMINATORY HOUSING PRACTICES

16.     Since well before 2015, each Defendant's Proprietary Lease included the following statement: "No member, or approved lessee of a member's Apartment, shall permit any child under

the age of twelve (12) years to reside in any of the apartments except as otherwise provided herein, and except for children born to resident members after the acquisition of their lease." This statement is referred to as the "no child under 12" policy in this Complaint.

17. The Proprietary Lease is the contract between each unit owner and the respective Defendant that transfers the apartment unit to the owner.

18. Since at least 2015, each Defendant's Proprietary Lease, including the "no child under 12" policy, has been shared with or otherwise communicated to new unit owners, as well as some prospective owners or renters and real estate agents. In addition, the Proprietary Lease is required by state law to be recorded with, and publicly available via, the County Recorder of Deeds.

19. Since at least 2015, Defendants' "no child under 12" policies were implemented through each unit owner individually, through real estate agents pursuant to the provisions of each Subject Property's governing documents, and/or through each Defendant's Board of Directors.

20. For example, in June 2020, a real estate agent for the owner of a unit in Building B told a prospective renter and her real estate agent that the owner could not rent the unit to her because she had a child under the age of 12. The real estate agent provided a copy of the governing documents for that Subject Property to the renter and her agent, which contained the "no child under 12" policy.

21. As another example, the Department of Justice conducted three online familial-status rental tests on Building B and Building E in August 2020. Testing is a simulation of a housing transaction that compares responses given by housing providers to different types of home-seekers to determine whether illegal discrimination is occurring. The testing evidence showed that real estate agents were using the Defendants' "no child under 12" policy as the reason

to refuse to rent to families with children.  Department of Justice employees posing as prospective renters with children were specifically told that they could not rent available units at the Subject Properties because the Defendants did not allow children under the age of 12.

22. Since at least 2015, Building B has not had any residents age 12 or under.  For purposes of this Complaint, "residents" mean persons whose primary residence is at a Subject Property and does not include owners of individual units who do not reside full-time at the Subject Property.

23. Since at least 2015, Building C has not had any residents age 12 or under.

24. Since at least 2015, Building E has not had any residents age 12 or under.

25. Defendant IOP "C" has described itself as an "adult" community or residence. For example, the application form it has been using since well before June 2021 defines Building C as a "Residential Adult Community" and a letter sent to all unit owners by the Board of Directors in or around February 2021 stated that it "has always been treated as an adult residence . . . ."

26. From at least 2015 until at least June 21, 2021, the statements described in paragraph 25 were not consistent with Defendant IOP "C"'s lack of HOPA status.

27. Recent real estate listings for units at Building E have described that community as a "senior" and/or "55+" community.

28. The statements described in paragraph 27 were not consistent with Defendant IOP "E"'s lack of HOPA status.

**CAUSES OF ACTION**

29. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. By their conduct described above, since at least 2015 and on an ongoing basis with respect to Defendants IOP "B" and IOP "E," and from at least 2015 until at least June 21, 2021, with respect to Defendant IOP "C," Defendants have made, printed, or published, or caused to be made, printed, or published a notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates a preference, a limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

31. By their conduct described above, in at least 2020, Defendants IOP "B" and IOP "E" have refused to negotiate for the sale or rental of a dwelling, or otherwise made unavailable or denied dwellings, because of familial status, in violation of 42 U.S.C. § 3604(a).

32. By their conduct described above, since at least 2015 with respect to Defendants IOP "B" and IOP "E," and from at least 2015 until at least June 21, 2021, with respect to Defendant IOP "C," Defendants have:

   a. Engaged in a pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); and

   b. Denied rights granted by the Fair Housing Act to a group of persons, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

33. Persons who may have been the victims of Defendants' discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i) and may have suffered injuries because of the conduct described above.

34. The conduct of Defendants described above was intentional, willful, and taken in disregard of the rights of others.

**PRAYER FOR RELIEF**

**WHEREFORE,** the United States prays that the Court enter an order that:

1. Declares that Defendants' discriminatory conduct, as described above, violates the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoins Defendants IOP "B" and IOP "E," and their agents, employees, successors, and all other persons in active concert or participation with any of them, and enjoins Defendant IOP "C" and its agents, employees, successors, and all other persons in active concert or participation with it unless IOP "C" is HOPA, consistent with the requirements of 42 U.S.C. § 3607(b), at the applicable time, from:

   a. Discriminating on the basis of familial status, in any aspect of the rental or sale of a dwelling;

   b. Failing or refusing to notify the public that dwellings owned and operated by Defendants are available to all persons on a nondiscriminatory basis; and

   c. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

3. Orders Defendants IOP "B" and IOP "E," and orders Defendant IOP "C" unless IOP "C" is HOPA, consistent with the requirements of 42 U.S.C. § 3607(b), at the applicable time, to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no persons are discriminated against because of familial status;

4. Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to all persons harmed by Defendants' discriminatory practices; and

5. Assesses a civil penalty against each Defendant in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.


Dated: November 30, 2023

Respectfully submitted,

MERRICK B. GARLAND
Attorney General

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CARRIE PAGNUCCO
Chief

/s/ *Chantel Doakes Shelton*
CHANTEL DOAKES SHELTON
Assistant United States Attorney
Florida Bar No: 0118626
United States Attorney's Office
500 E. Broward Blvd., Ste. 700
Fort Lauderdale, FL 33394
Phone: (954) 660-5770 (office)
Phone: (786) 564-9123 (cell)
Email: Chantel.DoakesShelton@usdoj.gov

/s/ *Katie Legomsky*
MICHAEL S. MAURER
Deputy Chief
KATIE LEGOMSKY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Phone: (202) 598-6587
Fax: (202) 514-1116
Email: Kathryn.Legomsky@usdoj.gov

/s/ *Veronica Harrell-James*
VERONICA HARRELL-JAMES
Assistant United States Attorney
Florida Bar No. 644791
United States Attorney's Office
101 US-1 South, 3rd Floor
Fort Pierce, Florida 34950
Phone: (772) 293-0982
Email: Veronica.Harrell-James@usdoj.gov

Attorneys for Plaintiff, United States of America